VELORA W. SMILEY, in his own right and as guardian for others, *vs.* HARVEY BAILEY, guardian of Richard T. Everett and others.

A testator devised to his son all his real estate during his life, and at and after the decease of his son, the same to be divided between his grandchildren, share and share alike, whether born before or after his own decease; and in case of the decease of any of his grandchildren before the death of his son, leaving issue, then such issue to take the share that the parents would be entitled to if living.

*Held,* 1. That each grandchild, the moment it came into existence, took a vested interest in remainder, in fee, subject to open and let in after-born children.

2. That the devise of the remainder to the grandchildren as a class was to be regarded as vested, although all the persons who might take were not ascertained or *in esse,* and could not be, until the termination of the life estate.

3. That one of the grandchildren having died before the termination of the life estate, his share descended to his father as heir at law.

No degree of contingency of an enjoyment in possession by the remainderman will operate to prevent his estate from being regarded as vested. *Per* MORGAN, J.

Smiley *v.* Bailey.

In case of a devise over, which for any reason is incapable of taking effect, and is therefore inoperative, *it seems*, that such devise leaves the estate in the first taker, the same as if the devise over had not been attempted. *Per* MORGAN, J.

SUBMISSION of a controversy without action, under section 372 of the Code. The facts sufficiently appear, in the opinion of the court.

*L. J. Dowin,* for the plaintiff.

*M. H. Merwin,* for the defendant.

*By the Court,* MORGAN, J. The case shows that Austin Everett, of Watertown, on the 18th day of April, 1859, made his will, by which, after several bequests not necessary to mention, he gave to his son Elmore all his real estate of which he should die seised, during life. Then follows the clause: "And at and after his decease, I direct that such real estate be equally divided between all my grandchildren, share and share alike; and in case of the decease of any of my grandchildren *before the death* of the said Elmore, leaving issue, then said issue to take the share that the parent would be entitled to if living; and I hereby bequeath such real estate accordingly, and this bequest is not only to include such grandchildren as shall be born before my decease, but such as may thereafter be born."

The testator died January 26, 1860, leaving him surviving Minerva Everett, his widow, and two children, viz., Elmore Everett and Harriet W. Smiley, wife of Velora W. Smiley, his only children and heirs at law. He also left him surviving Richard, Edward A. and William E. Everett, his grandchildren, and the children of Elmore Everett. Also Fred. E. and Charles A Smiley, his grandchildren, and the children of Harriet M. and Velora W. Smiley.

After the death of the testator, Elmore Everett had

another son, born October 12, 1863, named Elmore; and Harriet M. and Velora W. Smiley had a daughter, born October 6, 1867, named Harriet M. Smiley.

Charles J. Smiley died without issue, before the termination of the life estate, March 20, 1865. The life estate terminated by the death of Elmore Everett, Sr., October 13, 1868.

The real estate of the testator consisted of a farm of about 150 acres of land in the town of Watertown, of the estimated value of $15,000, and was occupied by Elmore Everett, Sr., up to the time of his death. After his death, it was leased, by consent of all the parties in interest, to Nathan Talcott, from whom there is due the sum of $500 for rent; and the question submitted is whether by the decease of Charles J. Smiley without issue, before the termination of the life estate, his interest in the real estate descended to his father, Velora W. Smiley, by descent, or passed to the other grandchildren living at the time of the termination of the life estate.

The plaintiff, Velora W. Smiley, claims one-seventh of the rent as the heir of his deceased son, Charles J. Smiley, and two-sevenths as guardian of his surviving children, Fred. E. and Harriet M. Smiley. The defendant claims that the six grandchildren, surviving the life tenant, on the termination of the life estate, became entitled to the real estate, and the rent should be divided into six parts, two of which should be paid to the plaintiff as guardian of his two children, and the remaining four-sixths to the defendant, Harvey Bailey, as the guardian of the four children of Elmore Everett, Sr.

The question seems to turn upon the point whether Charles J. Smiley took a vested or contingent remainder. Although other questions are discussed, this is, after all, the only question in the case; and this question seems to be very clearly settled by the provisions of the Revised Statutes defining such estates, by which it is enacted that

Smiley *v*. Bailey.

future estates " are vested when there is a person in being who has an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which, they are limited to take effect, remains uncertain.

I agree with the defendant's counsel, that the remainder is given to the grandchildren of the testator as a class, including all who shall answer that description; whether born before or after his death. Some of this class were ascertained and in existence at the time of his decease; and among others, *Charles J. Smiley*, so that he would have had an immediate right to the possession upon the determination of the precedent estate. If, however, during the continuance of the life estate, a child had been born to Charles J. Smiley, it may be admitted that such child would have had a contingent remainder, depending upon his surviving the death of his father before the termination of the life estate, liable to be absolutely defeated if his father should survive the death of the life tenant, but which would become a vested remainder if his father died during the continuance of the life estate, leaving such son surviving. The estate of Charles J. Smiley was therefore a conditional fee, liable to be divested on the birth of issue—such issue to be substituted in the place of his father, if the father died before the termination of the life estate leaving such issue. This is the only event upon which the estate granted to Charles J. Smiley could be divested by the terms of the will. The will says, in effect, if Charles J. Smiley shall die, with issue surviving, before the termination of the life estate, such issue shall take the estate granted to his father. But the condition never having been performed, upon which his estate was to be divested, it follows, I think, that such estate descended to his heirs. As to vested remainders, they are the subject of ownership, are descendable, devisable, and alienable in

the same manner as estates in possession; and this rule also extends to contingent remainders. (1 *R. S.* 725, § 35. *Willard on Real Estate,* 173.) And in case of a devise over which for any reason is incapable of taking effect, and is therefore inoperative, it seems to be well settled that such devise leaves the estate in the prior taker, the same as if the devise over had not been attempted to be made. (2 *Redf. on Wills,* 646.)

The will in question created an immediate estate in fee in Charles J. Smiley, one of his grandchildren, defeasible upon the taking effect of the executory devise over to his issue. During its continuance it had all the incidents of an absolute estate in fee simple, such as dower, curtesy, &c.; the devisee holding the estate in fee, subject only to a possibility. (*Id.* 653.) It is also settled, says the same author, (*p.* 648,) "that when a devise is made to one for life, and afterwards to certain other persons by name, and in the event of any such persons entitled in remainder dying during the continuance of the life estate, leaving issue, it creates a vested interest in all thus entitled in remainder, and any one or more of such persons dying during the continuance of the life estate, *without leaving issue, the share of such person will be held transmissible either by will or by descent.*"

It cannot be material, as supposed by the plaintiff's counsel, that the person to whom the remainder is devised should be named, in order to create a vested interest; for by the statute already cited, it is sufficient that there is a person in being, who would, within the terms of the devise, "have an immediate right to the possession." As to the grandchildren born after the death of the testator, and before the death of the life-tenant, they take a vested remainder as soon as they come into being, by the very terms of the statute, liable, however, to be divested in the single contingency that they might die leaving issue before the termination of the life estate. It is admitted that a re-

mainder is contingent by reason of the person who is to take not being ascertained until the termination of the life estate, yet the courts have always been inclined to construe the limitation of the remainder as a vested one wherever the terms in which it is created will admit of such a construction. (2 *Wash. Real Property,* 510.) A devise to A. for life, remainder to the surviving children of J. S., may be vested or contingent, depending upon the circumstance whether the term relates to the testator's death, or that of A. If to the latter, the remainder must be contingent, since no one can tell who will be such survivors until the death of A.; whereas, if the term relates to the testator's death, and J. S. then have children, the remainder is a vested one, since there is an ascertained person in *esse,* capable of taking the estate *in presenti* at any moment. (*Id.*) And where the devise is to four children by name, subject to be divested upon the happening of a condition subsequent, the remainder is vested, which may however be divested upon the happening of the condition subsequent. But a devise to such of them as survived the tenant for life would be held to be a contingent remainder. (*Id.*) But when the devise is to a class, as in the case at bar, of which each member is equally the object of the testator's bounty; or to the "children" of a person, some of whom are living at the testator's death, the remainder is regarded as vested, although all the persons who may take are not ascertained or in *esse,* and cannot be, until the happening of some future event. As, for instance, upon a devise to A. for life, remainder to the children of J. S., *if J. S. has children at the testator's death, they would take a vested remainder;* and if he were to have other children during the life of A. and *before the remainder was to take effect in possession, it would open and let in the children born during the life of A.,* who would take shares as vested remainders. (*Id.* 511.)

No degree of contingency of an enjoyment in posses-

sion by the remainderman of an estate limited to him, affects the question of its being vested or contingent; therefore a remainder contingent at its creation may become vested, though the one to whom it is limited may never himself have an opportunity to enjoy its possession. (*Id.* 526, 527.)

Under the provisions of this will, it is evident that the testator did not devise his lands to such of his grandchildren as should survive the tenant for life, but the lands were given to them as a class. If this is the correct interpretation of the will, it follows, I think, that each grandchild, the moment it came into existence, took a vested interest in the remainder in fee, subject to open and let in after born children; and that Charles J. Smiley having died without issue after the death of the testator, and in the lifetime of his father, the latter succeeds to the estate as heir at law. (*Carpenter* v. *Schermerhorn*, 2 *Barb. Ch.* 314. *Vanderheyden* v. *Crandall*, 1 *Comst.* 491. *Willard on Real Estate*, 173. 2 *Redfield on Wills*, 648, § 12. *Gray* v. *Garman*, 2 *How.* 268, 274.)

In my opinion the plaintiff is entitled to judgment declaring that three-sevenths of the rent in arrear belongs to the plaintiff, one-seventh in his own right, and two-sevenths as the general guardian of Clara B. and F. M. Smiley; and the balance to the defendant as general guardian of Richard F., Edward A. and Austin Everett.

Judgment accordingly.

[ONONDAGA GENERAL TERM, January 4, 1870. *Mullin, Morgan* and *Doolittle,* Justices.]